UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CADLEROCK JOINT VENTURE II L.P.                                        APPELLANT

v.                                                    CIVIL ACTION NO. 3:08CV-365-S

KEITH W. ROBBINS                                                          APPELLEE

## MEMORANDUM OPINION AND ORDER

This matter is on appeal from two decisions of the United States Bankruptcy Court in which the court rejected the contentions of the plaintiff/appellant, Cadlerock Joint Venture II L.P., that the debtor/appellee, Keith W. Robbins ("Robbins"), should be denied a Chapter 7 discharge under one of the exceptions set out in 11 U.S.C. §§ 727(a)(2), (3), (4) and (5). It also appeals from the court's decision denying in part its motion to amend its complaint.[1]

The Bankruptcy Court held a trial in this matter, rendered findings of fact and conclusions of law, and found in favor of the debtor. The court found the following pertinent facts:

Robbins formed an entity, the Wyatt Group, in 1989 for purposes of providing temporary technical services workers to gas companies. The Wyatt Group remained in business until December 31, 2006. Robbins formed an entity, Cross Country Clearing, in 2000 for purposes of providing land clearing services. Cross Country ceased doing business in late 2002 or early 2003. Robbins was unemployed at the time of the trial.

As a result of business losses, Cross Country ultimately defaulted on a loan from Fifth Third Bank. Robbins cooperated with Fifth third Bank and worked diligently to overcome Cross Country's financial difficulties, as attested to by a Fifth Third Bank representative. However, the

---

[1]Two separate appeals were filed in this matter and were opened as Civil Action No. 3:08CV-365-S and Civil Action No. 3:08CV-384-H. The second-filed appeal was transferred to the docket of Judge Simpson and consolidated under the senior action number.

efforts were unsuccessful and the majority of Cross Country's assets were repossessed or sold in an attempt to satisfy the indebtedness.  The indebtedness was only partially satisfied.  Fifth Third Bank sold the loan in 2005 to Cadlerock's predecessor in interest.  Upon acquiring the loan, collection efforts were begun against Cross Country, and against Robbins and Wyatt Group, the guarantors of Cross Country's loan.  Again, Robbins cooperated and attempted to work out a resolution of the debt.  During this time, Robbins continued to operate Wyatt Group on a limited basis.

In September 2006, Robbins filed a Chapter 7 petition.  Cadlerock's predecessor in interest obtained a judgment against Cross Country and the Wyatt Group in the Jefferson County, Kentucky, Circuit Court for the indebtedness in the amount of $883, 403.02 plus 12% interest until paid.  It filed this adversary proceeding on March 1, 2007 seeking to prevent Robbins' bankruptcy discharge.

Cadlerock urged a number of bases upon which to deny Robbins' discharge.  On appeal, Cadlerock challenges only the court's findings as to fraud under § 727(a)(4).  Under that section, Cadlerock was required to prove by a preponderance of the evidence that:

(1) Robbins made a statement under oath;

(2) The statement was false;

(3) Robbins knew that statement was false;

(4) Robbins made the statement with fraudulent intent; and

(5) The statement related materially to the bankruptcy case.

*In re Keeney*, 227 F.3d 679, 685 (6th Cir. 2000).  A debtor's discharge under 11 U.S.C. § 727 is "the heart of the fresh start provisions of the bankruptcy law."  H.R. Rep. No. 595, 95th Cong., 1st Sess 384 (1977).  The Bankruptcy Code should be construed liberally in favor of the debtor.  *In re Keeney*, 227 F.3d at 683.

Cadlerock posits that the Bankruptcy Court committed clear error when it found that Cadlerock's evidence on the element of fraudulent intent was insufficient.

Cadlerock contends that Robbins stated under oath that loan proceeds from Wyatt Group were uncollectable, that the value of Wyatt Group stock was zero, but then used pre-petition funds to pay himself $20,000.00. This argument, urged on the Bankruptcy Court and repeated in this appeal, evidences a fundamental misunderstanding of the Bankruptcy Court's ruling. As noted by the Bankruptcy Court in footnote, the Wyatt Group and Cross Country Clearing *are not* the debtor in this case. Thus the assets of Wyatt Group are not in issue here. The assets, if any, of Wyatt Group are not assets of Robbins' bankruptcy estate. Thus the argument of Cadlerock that Wyatt Group assets should have been distributed to Robbins' creditors is meritless.

Cadlerock cites the case of *In re Adams*, 31 F.3d 389 (6th Cir. 1994) in support of its contention that the assets of Wyatt Group, a company wholly owned by Robbins, are the "property of the debtor." Cadlerock incorrectly applied the *Adams* case to the case at bar. *In re Adams* involved *two* bankruptcies - the bankruptcy of a company, Adams Plywood, and the company's owners and guarantors of the company's debt, Edsel and Frances Adams. This is a significant fact in that in *Adams*, the court applied § section 727(a)(7) which states:

> (a) The Court shall grant the debtor a discharge, unless–
>
> (7) the debtor has committed any act specified in paragraph (2),(3),(4),(5), or (6) of this subsection, on or within one year before the date of the filing of the petition, or during the case, *in connection with another bankruptcy case*, under this title or under the Bankruptcy Act, concerning an insider...

The court found that Adams Plywood was insider, as it was a corporation which Edsel Adams controlled. 11 U.S.C. § 101(31)(A)(iv). The court found that through manipulation of Adams Plywood accounts receivables, in connection with the Adams Plywood bankruptcy, the Adamses attempted to hinder or delay the collection of the guaranty debt they owed on Adams Plywood's behalf. Thus the court found that Adams Plywood accounts receivables to be property of the Adamses under § 727(a)(2) by incorporation through § 727(a)(7). The Adamses were therefore denied their discharge in bankruptcy.

- 3 -

The only bankrupt here is Robbins.  There is nothing in the *Adams* case to controvert the principle that assets owned by a corporation are not included in the bankruptcy estate of an individual shareholder.  *See, In re Billingsley*, 338 B.R. 372 (Bankr.C.D.Ill. 2006), *citing, Fowler v. Shadel*, 400 F.3d 1016, 1018 (7th Cir. 2005)(Assets of debtor's wholly-owned corporation are not property of the debtor and cannot become part of the bankruptcy estate of the debtor shareholder); *In re Russell*, 121 B.R. 16, 17-18 (Bankr.W.D.Ark. 1990)(Assets of corporation are not property of debtor shareholder's bankruptcy estate solely by virtue of shareholder's 82% stock ownership of corporation); *In re Normandin*, 106 B.R. 14, 16 (Bankr.D.Mass. 1989).  A debtor's shares in a corporation become part of the bankruptcy estate; the assets of the corporation do not.  *Ginsberg and Martin on Bankruptcy*, § 501[B].  The Trustee filed a Report of No Distribution on April 3, 2007, abandoning the property of the estate.  It appears that the Wyatt Group had debts exceeding $800,000.00.  The valuation of the stock of Wyatt Group at zero has not been shown to be untrue.

The Bankruptcy Court found in a supplemental order that

> Generally, that a person is able to collect on a loan that he once described as "believed to be uncollectable" does not, in and of itself, mean that the original statement was a lie.  Furthermore, Defendant also testified, credibly, that he believed that payment to himself of $20,000.00 was in essence deferred compensation for work done on behalf of the Wyatt Group–he had for some time not been taking a salary from the Wyatt Group.  So, Defendant did not subjectively believe that the $20,000.00 was repayment of his loan to Wyatt Group.  And, even if Defendant's statement concerning the collectability of the loan was false, Plaintiff provided no evidence that the statement was made "with fraudulent intent."

May 9, 2008 Order of the Bankruptcy Court, p. 2.  Cadlerock has not shown that this conclusion is in any way infirm with respect to Robbins' listing of the Wyatt Group debt as "uncollectable."

We further find that Cadlerock has not shown any basis for challenging as clearly erroneous the finding of the court that accounts receivable funds would be paid to Cadlerock's predecessor in interest.  The court held:

> The Court disagrees with Plaintiff's characterization of Defendant's statement concerning the Wyatt Group's accounts receivable going to Plaintiff's predecessor in interest.  Defendant testified, credibly, that he was simply expressing his

understanding of how matters would proceed in his bankruptcy. Here again, Plaintiff simply failed to show that the Defendant made a false statement with fraudulent intent.

May 9, 2008 Order, p. 2.

Our review of the record also reveals that the Bankruptcy Court did not err in finding that the representations as to ownership of various items of furniture were not shown by Cadlerock to be false. Robbins indicated that furniture had been purchased "by trust in the name of Suzanne Brown (mother) and specified by grantor as intended for specified uses by Sarah Robbins." As noted by the Bankruptcy Court, Robbins did not state that the furniture was held in trust. Rather he "described his understanding of the arrangement by which certain antique furniture was purchased by Defendant's mother-in-law for the benefit of her daughter, Defendant's wife. As noted above, Defendant's wife testified that the money used to purchase the furniture did come from a trust, albeit a trust technically for her mother's benefit, not hers." Mem. Op., p. 7.

The Bankruptcy Court did not abuse its discretion in denying, in part, Cadlerock's motion for leave to amend its complaint. Cadlerock has offered nothing new in its argument on appeal. It argued to the Bankruptcy Court for equitable tolling of the express time limitations set out in Fed.R.Bankr.P. 4007(c). The Bankruptcy Court rejected the request, stating:

> Plaintiff's original complaint did not put Defendant on notice that Defendant's pre-petition business dealings with Fifth Third Bank and Defendant would be challenged as fraudulent in and of themselves. The deadline for filing a complaint under 11 U.S.C. § 523(a)(2) has passed in this case, and Plaintiff did not timely request an extension. Plaintiff did ask for, and was granted, an extension of the deadlines to file an objection to discharge under 11 U.S.C. § 727 or a motion to dismiss under 11 U.S.C. § 707. Accordingly, the Court must deny Plaintiff's request to amend its complaint to add Count Five...Plaintiff appears to seek Court assistance in *collecting* on Defendant's debt to Plaintiff...Count Six seems entirely misplaced within this adversary proceeding to determine whether Defendant is entitled to a Chapter 7 discharge.

Feb. 7, 2008 Order, p. 4. Cadlerock has cited no basis for its assertion that the Bankruptcy Court abused its discretion in reaching this determination. It urges that any delay in seeking to assert its

- 5 -

§ 523 claim was caused by Robbins' "refusal to schedule and attend depositions and produce documents." Appellant's Brief. p. 9.

Robbins' petition was filed September 26, 2006. Pursuant to Bankr.R. 4007(c), Cadlerock was required to file its §523(a)(2) claim no later than January 1, 2007. In December, 2006, it moved for an extension of time to file an objection to discharge under § 727 or a motion to dismiss pursuant to 11 U.S.C. § 707. Cadlerock did not seek an extension to file an objection to discharge under §523(a)(2). On March 28 2007, Robbins filed a motion to dismiss the adversary proceeding. It wasn't until April 25, 2007 that Cadlerock sought to compel various depositions. The motion was granted by the Bankruptcy Court, and Cadlerock sought to amend its complaint on August 22, 2007. When Cadlerock moved to amend its complaint, the Bankruptcy Court was fully familiar with the sequence of events leading up to the filing of the motion. Unlike the § 727(a)(2) claim, the court found that Robbins would be prejudiced by the late filing of the §523 claim, despite Cadlerock's argument for a tolling of the time for filing.

The Bankruptcy Code requires that a § 523(a)(2) claim be "filed no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Fed.R.Bankr.P. 4007 (establishing the time for filing a complaint under § 523(c), the procedural provision, in a Chapter 7 liquidation). On motion of a party in interest, after hearing on notice, the court may for cause extend the time fixed under this subdivision. The motion shall be filed before the time has expired." *Id.* The Bankruptcy Court considered the same authority cited by Cadlerock, but rejected the suggestion that the court permit the amendment despite the specific requirement that a motion for extension of the deadline be filed before the filing period has expired. In permitting amendment to add a § 727 claim, but denying leave to add a claim under § 523, the court found prejudice to Robbins inasmuch as he was not placed on notice that his pre-petition business dealings with Fifth Third Bank would be challenged as fraudulent. Cadlerock has not offered any basis to find this conclusion erroneous, or the denial of amendment an abuse of discretion.

The court having conducted a *de novo* review of the decision of the United States Bankruptcy Court and for the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the April 3, 2007 Memorandum Opinion and Order of the United States Bankruptcy Court is **AFFIRMED**.

There being no just reason for delay in its entry, this is a final order.

**IT IS SO ORDERED.**